# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/28/2021 05:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Quikrete International, Inc., a corporate entity form unknown; and DOES 1-50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Raul Rodriguez, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Pomona Courthouse South | **CASE NUMBER:** *(Número del Caso):*<br>30-2021-01178508-CU-WT-CJC |
|---|---|---|
| 400 Civic Center Plaza<br>Pomona, CA 91766 | | 21PSCV00070 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jihad M. Smaili (SBN: 262219); Smaili & Associates , PC; 600 W. Santa Ana Blvd., Suite 202, Santa Ana, Ca 92701; 714-547-4700

| DATE:<br>*(Fecha)*   01/28/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)*   J. Gonzalez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  **QUIKRETE INTERNATIONAL, INC., a corporate entity form unknown**

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |

Jihad M. Smaili, Esq. [262219]
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers 600 W. Santa Ana Blvd., Suite 202

Electronically FILED by Superior Court of California, County of Los Angeles on 01/28/2021 09:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez, Deputy Clerk

TELEPHONE NO.: 714-547-4700        FAX NO.: 714-547-4710

ATTORNEY FOR (Name): Raul Rodriguez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Pomona 91766
BRANCH NAME: Pomona Courthouse South

CASE NAME:
Raul Rodriguez v. Quikrete International, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21PSCV00070 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 7
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 28, 2020

Jihad M. Smaili, Esq.
_____
(TYPE OR PRINT NAME)

▶ /s/ Jihad M. Smaili
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE:<br>Raul Rodriguez v. Quikrete International, Inc. | CASE NUMBER<br>21PSCV00070 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Raul Rodriguez v. Quikrete International, Inc. | |

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Raul Rodriguez v. Quikrete International, Inc. | 21PSCV00070 |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐  A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Raul Rodriguez v. Quikrete International, Inc. | |

**Step 4:  Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>111 Vineland Ave. |
|---|---|

| CITY:<br>City of Industry | STATE:<br>CA | ZIP CODE:<br>91746 | |
|---|---|---|---|

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the ___East Judicial___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___January 28, 2021___

___/s/ Jihad M. Smaili___
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Gloria White-Brown

Electronically FILED by Superior Court of California, County of Los Angeles on 01/28/2021 09:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorney for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RAUL RODRIGUEZ, an individual;<br><br>  Plaintiff,<br><br>  v.<br><br>QUIKRETE INTERNATIONAL, INC.,<br>a corporate entity form unknown; and<br>DOES 1-50, inclusive,<br><br>  Defendants. | Case No.: 21PSCV00070<br>Assigned for all purposes to the<br><br>**COMPLAINT:**<br>1. Disability Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Age Discrimination in Violation of Gov. Code §12940 *et seq.*<br>3. Discrimination on the Basis of Participation in Protected Conduct in Violation of Gov. Code §12940 *et seq.*<br>4. Failure to Prevent Discrimination in Violation of California Gov. Code § 12940(k)<br>5. Retaliation in Violation of Gov. Code §12940(h)<br>6. Wrongful Termination<br>7.  Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

Smaili & Associates, P.C.

Plaintiff Raul Rodriguez (hereinafter "Plaintiff" and/or "Rodriguez") alleges as follows:

## THE PARTIES

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Quikrete International, Inc. (hereinafter "Quikrete"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Los Angeles.  Plaintiff is further informed and believes and thereon alleges that Quikrete was transacting business in the County of Los Angeles, State of California, at the time claims of Plaintiff arose.  At all times relevant, Quikrete was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of race, national origin, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to Quikrete, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.  Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.  Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.     Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

**VENUE AND JURISDICTION**

9. Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of City of Industry, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Los Angeles, State of California.

**FACTUAL BACKGROUND**

10. On or about December 11, 2018, Defendant initially hired Plaintiff as a Productions Operator. Following his excellent performance and productivity, Defendant promoted Plaintiff to Quality Control. His job duties included, but were not limited to, filling cement bags and buckets with stucco weighing 10-50 pounds, testing products, breaking down and mixing materials, and operating forklifts. Plaintiff earned an hourly wage of $14.00.

11. In or around March 2019, Plaintiff suffered from a severe work-related injury to his chest. As Plaintiff was guiding a barrel off the pallet, he heard a loud "pop" in his chest. Plaintiff immediately suffered excruciating pain and could not continue working. Every time Plaintiff sneezed or coughed, he experienced unbearable pain in his chest. Plaintiff informed Defendant of his work-related injury and was sent to Defendant's clinic for further evaluation.

12. Defendant's doctor, "Dr. Lee," failed to properly and adequately treat Plaintiff for the severity of his work-related injury. Dr. Lee inaptly prescribed pain medication and placed Plaintiff on light duty. This inadequate evaluation and treatment demonstrated Defendant's total disregard for his health and well-being. Furthermore more, Plaintiff was forced to continue working while suffering from excruciating pain. Defendant failed to offer any reasonable accommodation, failed to provide workers' compensation paperwork and refused to engage in a good faith interactive process.

13. In or around June 2019, Plaintiff suffered from another work-related injury to his hand. This time, Plaintiff's hand was lodged between two metal pipes while he was operating the conveyor belt. Plaintiff immediately heard a loud "pop" in his fingers after

the work-related injury. Fifteen minutes after his injury, while on his meal break, Plaintiff felt a burning sensation in his hands and suffered from unbearable pain. Immediately following his symptoms, Plaintiff reported the injury to Defendant. Plaintiff was required to complete an accident report before being forced to drive himself to Defendant's clinic.

13. Again, Defendant's Dr. Lee provided improper medical treatment and failed to appropriately evaluate Plaintiff' serious condition. Dr. Lee merely prescribed pain medication and placed Plaintiff on light duty. After consulting with a doctor assigned by his workers' compensation attorney, Plaintiff's work-related injury was determined to be in fact more serious than Dr. Lee's oversimplification of his symptoms. Plaintiff was diagnosed with severe carpal tunnel. Still, Defendant failed to offer any reasonable accommodation, failed to provide workers' compensation paperwork, and refused to engage in a good faith interactive process.

14. On or about July 2, 2019, Defendant egregiously and callously retaliated and discriminated against Plaintiff for suffering from multiple work-related injuries by suspending his employment upon pretextual grounds. Plaintiff's supervisor, George LNU ("George") suspended Plaintiff for not reporting his work-related injuries immediately after their occurrence. This was pretextual, at best, given Plaintiff reported the work-related injury only fifteen minutes after its occurrence.

15. On or about July 3, 2019, Defendant's agent, George, provided Plaintiff with termination paperwork and informed Plaintiff that he was being terminated because he did not report his work-related injury immediately. Plaintiff is informed and believes Defendant's calculated decision of wrongfully terminating his employment is due, at least in part, for suffering from work-related injuries and in order to rid itself of a disabled, aging employee who lodged complaints about his working conditions.

16. Furthermore, Defendant discriminated against Plaintiff on account his age. Plaintiff was 59 years of age upon his termination and Defendant sought to terminate his employment and replace him with a significantly younger and less qualified individual

17.     Upon information and belief, Plaintiff suffered discrimination, harassment, retaliation, and ultimately termination because of his age, disability, work-related injuries, requests for accommodation, and engagement in protected activity. Further, Defendant failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, and failed to offer an accommodation.

18.     Prior to filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice dated February 24, 2020.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*

### (Against All Defendants)

19.     Plaintiff refers to all allegations contained in paragraphs 1-18, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

20.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.  FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

21.     Plaintiff has a disability as alleged above.

22.     Defendant was aware of Plaintiff's on the job injury and his resulting disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

23.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

24.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff's medical restrictions, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

25.    Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

26.    As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

27.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to Plaintiff damage in an amount subject to proof at trial.

28.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff 's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

29.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

30.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against

employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

31.     Plaintiff is informed and believes and thereon alleges that Plaintiff's on the job injury and resulting disability was a motivating factor in the decision of Defendant to discriminate against him and ultimately wrongfully terminate him.

32.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

33.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

34.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*

#### (Against All Defendants)

35.     Plaintiff refers to all allegations contained in paragraphs 1-34, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

36.     At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

37.     At the time of Plaintiff's injury and at the time of Plaintiff's termination, and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.  Plaintiff is informed and believes and thereon alleges

that after wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

38.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

39.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

40.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

41.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

42.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

43.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

44.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

COMPLAINT

45.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

46.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

47.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

48.     The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

49.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 et seq.

<u>**THIRD CAUSE OF ACTION**</u>

**DISCRIMINATION ON THE BASIS OF**

**PARTICIPATION IN PROTECTED CONDUCT IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940** *et seq.*

**(Against All Defendants)**

50.     Plaintiff refers to all allegations contained in paragraphs 1-49, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

51.     California law, and in particular FEHA, prohibits discrimination against

1   employees who engage in protected activity.

2   52.   Injured employees seeking medical treatment and apply under the Workers'

3   Compensation Act for the same, or disabled employees with a physical and/or mental

4   disability seeking accommodation, and even those that do not actually engage in such

5   conduct but the employer suspects that they are or will be engaging in such conduct in the

6   future, are individuals engaged in protected conduct.   Likewise, employees filing claims

7   of harassment and/or discrimination with DFEH and/or who make such complaints are

8   engaged in protected conduct, and/or, filing claims with the police department.  Plaintiff,

9   during all times relevant herein, was engaged, or was thought to be engaged, in such

10  protected conduct.

11  53.   Defendant's failure to supervise, control, direct, manage, and counsel those

12  agents throughout Plaintiff's employment ratified, condoned and/or encouraged the

13  discriminatory behavior and enabled agents to believe that their conduct was appropriate.

14  54.   Defendants, and each of them, failed to offer counseling or comfort to

15  Plaintiff, and sent the unmistakable message to his supervisors and coworkers that such

16  conduct is appropriate in the workplace.

17  55.   Upon information and belief, Defendants have a systemic and wide-spread

18  policy of discriminating against and retaliating against employees and those who seek to

19  participate in protected conduct.  By failing to stop the discrimination, harassment and

20  retaliation, the Defendant ratified the discriminatory and retaliatory conduct which, in

21  turn, directly caused a vicious cycle of wrongful conduct with impunity.

22  56.   The Fair Employment and Housing Act (hereinafter "FEHA"), codified in

23  Government Code §12900, et seq., makes it unlawful for an employer to discriminate or

24  retaliate against an employee on the basis of the employee's participation in protected

25  conduct.

26  57.   Further, California Government Code §12940 prohibits employers from

27  discriminating against or harassing an employee in promotions, assignments, termination,

28  term, condition or privilege of employment on the basis of disability.  The law further

provides for administrative fines and remedies including back pay, promotion, reinstatement, cease-and-desist orders, attorney's fees, costs, punitive damages and damages for emotional distress.

58.     Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy, and law, in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against him because of his participation in the following protected conduct:  (i) he suffered a work related injury, (ii) requested accommodation, and (iii) complained about his work environment.

59.     Defendant engaged in unlawful employment practices in violation of California public policy by promoting and adopting conduct that violates California's employment laws.  In addition, Plaintiff is informed and believes and thereon alleges that Defendant had a policy of retaliation, and did retaliate, against employees that filed complaints due to fear for their personal and medical safety and well-being, accommodation for their injuries, and those employees that demanded equal treatment in terms of wages, rest breaks, meal breaks and other statutory requirements, all in an unveiled attempt to stifle such exercise of rights.

60.     Plaintiff submits that his participation in protected activity was a motivating factor in the decision of Defendant to discriminate, harass, and retaliate against him.

61.     As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, medical expenses, anxiety, losses in salary/wages, advancement, opportunity for advancement, job benefits, additional amounts of money and other employment benefits which Plaintiff would have received had he not been subjected to unlawful and/or wrongful conduct, all to his damages in a sum within the jurisdiction of the Court to be ascertained according to proof at trial, but believed to be three hundred thousand dollars.

62.     As a further proximate result of Defendant's discriminatory actions against

Smaili & Associates, P.C.

Plaintiff, as alleged hereinabove and below, Plaintiff has been harmed in that he has suffered the intangible loss of such employment-related opportunities as experience from the position from which he was terminated and lack of opportunities to perform duties and tasks within his lengthy experience and expertise, without limitation.  As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

63.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant, Defendant's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

64.     The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.   As such, Plaintiff is entitled to punitive damages within the meaning of Civ. Code §3294.

65.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial, which sums are recoverable pursuant to the FEHA statutes.

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION

## OF CALIFORNIA GOVERNMENT CODE § 12940(k)

### (Against All Defendants)

66.     Plaintiff refers to all allegations contained in paragraphs 1-65, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

67.     During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of his engagement in protected activity in violation of *Government Code* §12940(k).

68.     As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

69.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

70.     Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

71.     As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

72.     These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

73.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE §12940(h)

### (Against All Defendants)

74.     Plaintiff refers to all allegations contained in paragraphs 1-73, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

75.     At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to

Smail & Associates, P.C.

1    refrain from retaliating against Plaintiff.

2        76.    Plaintiff is informed and believes and thereon alleges that as a consequence

3    of lodging complaints with Defendants about his injury and need for medical attention,

4    Defendant took retaliatory action against Plaintiff by failing to conduct a good faith

5    interactive process, failing to provide accommodations, failing to provide, medical

6    attention, wrongfully terminating Plaintiff, and denying Plaintiff job opportunities and

7    assignments, and denying Plaintiff advancement and promotion.

8        77.    Defendant unlawfully retaliated against Plaintiff after he engaged in

9    protected activity, such as without limitation, intending to file/filing legal action to

10   collection proper compensation and lodging workplace complaints.

11       78.    As a proximate result of Defendant's willful, knowing, and intentional

12   conduct against Plaintiff, he has sustained and continues to sustain substantial losses in

13   Plaintiff's earnings and other employment benefits and continues to suffer humiliation,

14   emotional distress, and mental and physical pain an and anguish, and sleep dysfunction,

15   all to Plaintiff damage in a sum according to proof.

16       79.    These unlawful acts were further encouraged by Defendant and done with a

17   conscious disregard for Plaintiff's rights and with the intent, design, and purpose of

18   injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination

19   against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of

20   punitive and exemplary damages in an amount according to proof.

21       80.    Plaintiff has incurred and continues to incur legal expenses and attorney

22   fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and

23   prays leave of court to amend this Complaint when said amounts are more fully known.

24                        **SIXTH CAUSE OF ACTION**

25                        **WRONGFUL TERMINATION**

26                            **(Against All Defendants)**

27       81.    Plaintiff refers to all allegations contained in paragraphs 1-80, inclusive and

28   by such reference incorporates the same herein as though fully realleged in detail.

_Smith & Associates, P.C._

---

COMPLAINT

82.   Plaintiff informed Defendants that he suffered a work-related injury which resulted in a disability.  Further, Defendants were aware of Plaintiff's requirements for an interactive process, accommodation, and complaints about harassment and his workplace environment.

83.   *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

84.   *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

85.   *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

86.   *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

87.   Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against him because: (i) he suffered work related injuries and hostile work environment, (ii) requested accommodation, and (iii) lodged complaints, and (iv) engaged in protected conduct, including filing a claim for workers compensation.

88.   Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

89.   As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

90.   In light of Defendants willful, knowing, and intentional discrimination

Smaili & Associates, P.C.

COMPLAINT

against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (Against All Defendants)

91.　Plaintiff refers to all allegations contained in paragraphs 1-90 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

92.　Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

93.　Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

94.　By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

95.　Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

96.　As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

97.　Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.


Dated: January 28, 2021                    **SMAILI & ASSOCIATES, P.C.**


By: _/s/ Jihad M. Smaili_____
Jihad M. Smaili, Esq.
Attorney for Plaintiff

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a trial by jury.

Dated: January 28, 2021                    **SMAILI & ASSOCIATES, P.C.**


By: _/s/ Jihad M. Smaili_____
       Jihad M. Smaili, Esq.
       Attorney for Plaintiff

COMPLAINT

 **Superior Court of California, County of Los Angeles**

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   > **Mediation may be appropriate when the parties**
   > - want to work out a solution but need help from a neutral person.
   > - have communication problems or strong emotions that interfere with resolution.
   >
   > **Mediation may <u>not</u> be appropriate when the parties**
   > - want a public trial and want a judge or jury to decide the outcome.
   > - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit **www.lacourt.org/ADR.Res.List** for important information and FAQs before contacting them.
   NOTE:  This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   **https://wdacs.lacounty.gov/programs/drp/**
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day- of- trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       **http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf**

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br>400 Civic Center Plaza, Pomona, CA 91766 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/28/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Gonzalez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21PSCV00070 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Gloria  White-Brown | J | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/29/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Gonzalez _____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**